UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICKEY MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00654 ERW |
| | ) |
| JAMES HURLEY, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mickey Mitchell's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

## I. BACKGROUND

Petitioner Mickey Mitchell ("Petitioner") pled guilty to first-degree statutory sodomy on May 26, 2011. The circuit court sentenced Petitioner to fifteen years imprisonment. Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. His motion was denied and the judgment was affirmed on appeal. Petitioner now seeks relief in federal court.

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

1

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Garth*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III. DISCUSSION

Petitioner asserts four claims in his motion to vacate. First, he challenges his fifteen-year sentence. Second, Petitioner alleges he did not have enough time to decide if he wanted to plead guilty. Third, he asserts if the judge had given him a ten-year sentence, he would have received a lesser sentence and would be in "better shape" now. Finally, he argues he was not given enough time to speak or be heard.

### A. *Claim One*

In his first claim, Petitioner seems to be challenging the length of his sentence. He states he does not understand why the state circuit court judge imposed a fifteen-year sentence rather than a ten-year sentence.[1] He suggests the judge sentenced him to a longer sentence because he has a prior conviction.

Petitioner did not raise this claim in his state post-conviction relief motion. Therefore, his claim is procedurally defaulted and cannot be considered by this Court. "It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The petitioner must present the claim to the state court in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72 (1977). A claim may be considered if the petitioner can show cause for his procedural default and actual prejudice or if he can show the failure to consider the claim will result in a fundamental miscarriage of justice, because he is actually innocent. *Wallace v. Lockhart*, 12 F.3d 823 (8th Cir. 1994). Petitioner is unable to show cause or actual prejudice for his failure to raise this claim before the state court.

Even if Petitioner's claim was not procedurally defaulted, the Court would still deny the claim. Petitioner pled guilty through a blind plea, where no agreement as to a sentence was made with the prosecutor's office. The sentence and judgment entered in Petitioner's case does not indicate Petitioner was sentenced as a prior offender or a persistent offender and at the sentencing hearing, the judge did not state he was sentencing Petitioner as a prior or persistent offender. Additionally, at the change of plea hearing, Petitioner was informed he was entering a blind plea and the range of punishment was ten years to life. Therefore, Petitioner's sentence of

---

[1] Petitioner's claims are handwritten and difficult to read and understand. The Court has construed Petitioner's claims after repeatedly reading Petitioner's complaint.

3

fifteen years imprisonment does not violate the United States Constitution or any federal laws and his claim must be denied.

  B.  *Claims Two and Four*

In his second claim, Petitioner asserts he was not given enough time to decide if he wanted to plead guilty or proceed to trial. This claim is similar to his fourth claim, in which Petitioner argues he was not given enough time to speak or be heard. The essence of these two claims is that he was pressured into pleading guilty by his counsel.

Petitioner raised this issue in his post-conviction relief motion. The state circuit court held the plea record "clearly refutes [Petitioner's] claim." Petitioner was asked on the record if he had enough time before deciding to change his plea and he responded yes. The circuit court found Petitioner's plea to be freely, voluntarily, and intelligently made with a full understanding of the charge and consequences of his guilty plea. The Missouri Court of Appeals for the Eastern District affirmed this decision on Petitioner's appeal of his post-conviction relief motion. The appellate court stated Petitioner was asked if he had sufficient time to discuss the case with his attorney, to which he said yes, and after he admitted he committed the offense, the circuit court asked him if there was any reason the Court should not accept his plea of guilty, to which Petitioner responded, "No, Your Honor."

Because Petitioner's claim has already been ruled on by the state court, Petitioner must show the decision was contrary to or an unreasonable application of federal law or the decision was based on an unreasonable determination of the facts based on the evidence. 28 U.S.C. § 2254(d)(1)-(2). "Solemn declaration s in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A petitioner's claim his guilty plea was not

voluntary must state specific facts to overcome the presumption of verity and cannot be conclusory. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).

Here, Petitioner's claim is clearly refuted by the evidence. Petitioner was advised of the rights he was waiving when pleading guilty and he was asked in several variations if he was satisfied with his counsel, if he had enough time to speak with his counsel and decide if he wanted to plead guilty, and if he was guilty of the crime charged. The Missouri Court of Appeals correctly determined Petitioner's guilty plea was knowingly and voluntarily made. The appellate court's decision was not contrary to or an unreasonable application of federal law. Claims two and four will be denied.

### C. *Claim Three*

In his third claim, Petitioner alleges he would be in "better shape" if he was given a ten-year sentence rather than a fifteen-year sentence. Petitioner's claim is not cognizable on federal habeas review, because to obtain relief, Petitioner must allege claims that his custody violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Petitioner's claim his life would be better with a lighter sentence is not a basis for federal habeas relief.

### D. *Petitioner's Reply Brief*

In his reply brief, Petitioner asserts he is actually innocent, because the facts to which he pled guilty do not satisfy the elements for first degree sodomy. Petitioner argues he only touched the victim's genitals and did not penetrate the victim. Petitioner did not raise this claim before the state court so it is procedurally defaulted and cannot be considered by this Court. *Wainwright v. Sykes*, 433 U.S. 72 (1977).

However, even if Petitioner's claim was not procedurally defaulted, the Court would deny the claim on the merits. Petitioner was convicted pursuant to Missouri Revised Statute §

5

566.062 (2003) which states: "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." "Deviate sexual intercourse" was defined as:

> Any act involving the genitals of one person and the hand, mouth, tongue or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim.

Mo. Rev. Stat. § 566.010(1) (2003).

At Petitioner's change of plea hearing, the following facts were read into the record, to which Petitioner admitted:

> . . . on or about December of 2003 in the County of St. Louis, State of Missouri the Defendant had deviant sexual intercourse with TK, who was then less than 12 years old.
>
> Specifically, the State would show that TK, who was born on 5/13 of '95 disclosed that on Christmas break of 2003 the Defendant placed his hands on her vagina skin to skin at her home in St. Louis County.

ECF No. 19-2, pg. 23. It is clear the facts to which Petitioner pled guilty fit into the definition of deviant sexual intercourse, which requires any act involving the genitals of one person and the hand of another *or* sexual penetration. The statute does not require penetration. For these reasons, Petitioner's conduct does meet the requirements for first degree statutory sodomy and the Court will deny his claim of actual innocence.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Ricky D. Jackson's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] is **DENIED** and his claims shall be **DISMISSED**.

So ordered this 8th day of June, 2018.

*[signature]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**